IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-mc-00402 |
| CHIEF JUDGE WILLIAM J. HAYNES, JR., | ) Judge Trauger |
| JUDGE TODD CAMPBELL, JUDGE ALETA A. TRAUGER, JUDGE KEVIN H. SHARP, CHIEF JUDGE RANER C. COLLINS, CORIZON HEALTH INC., ARIZONA STATE OF, and DEPUTY WARDEN LINDA VEGA, | ) |
| Defendants. | ) |

## ORDER

The complaint, consisting of two photo-copied pages, states as follows:

> The plaintiff is going full circle with each defendant trying to obtain mental health care, The latest is with D.W. Vega in case 13-C41-1934 a Prison Disciplinary Action where it is explained how mental health care is part of the disciplinary process under *Wolff v. McDonnell* 418 U.S. 539 (1974). She lives in a "Fantasy World" along with other members of her staff. As for the other defendants, their world is basicly [sic] "Fantasy" as well. At this point in time does any one recall *Estelle v. Gamble* . . . We are not talking denied or delayed treatment. I'm telling you flat out Ø Zero Treatment None Nada. "<u>Deliberate Indifference</u>" Criminal Conduct, Etc.
>
> Judges become famous when they come to prison, Corizon is famous for upper mgt being gone afraid of RICO violations. As well new personal [sic] refuse to work for Corizon.

(ECF No. 1, at 1–2.) Solely on the basis of these vague factual allegations, the plaintiff seeks injunctive relief and damages in the amount of "Ten Trillion Dollars U.S." (*Id.*) The court notes that, although every active judge of the United States District Court for the Middle District of Tennessee is named as a defendant in this action, including the undersigned, the complaint contains no factual allegations that concern the judicial defendants.

Recusal is normally required when the presiding judge is named as a defendant. Nonetheless, as explained in numerous orders entered by this court responding to identical lawsuits filed by the plaintiff,[1] the undersigned finds, based on the rule of necessity coupled with the facial frivolity of the complaint itself, that recusal is not required.

---

[1] *See, e.g.*, *Maisano v. Haynes et al.* (M.D. Tenn.) (Trauger, J.), Case Nos. 3:14-cv-353 (Feb. 5, 2014 order, ECF No. 3), 3:14-cv-352 (Feb. 5, 2014 order, ECF No. 4), and 3:14-cv-344 (Feb. 5, 2014 order, ECF No. 3), just to name a few.

The complaint in this case is frivolous and fails to comply with the restraining order entered by Senior United States District Judge Stephen M. McNamee on August 11, 1992. *Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) (Restraining Order). Pursuant to the restraining order, any "[f]ailure to comply strictly with [its] terms . . . will be sufficient ground to deny leave to file." *Id.* Because the plaintiff made no attempt with his current filing to comply with the restraining order, the present complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

An appeal of this order would not be in good faith, and the court will not grant leave to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to enter assign a civil action number to this case, to enter judgment and to close the case, in accordance with Rule 58, Fed. R. Civ. P.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge